**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A., | No. CV-10-1070-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sherryl L. Madison, | |
| Defendant. | |

On April 20, 2010, Plaintiff Wells Fargo Bank, N.A. filed a forcible detainer action in Maricopa County Superior Court. Dkt. #5 at 5-8. On May 17, 2010, Defendant Sherryl L. Madison filed a notice of removal of the case in this Court. Dkt. #1. The notice of removal does not state why this Court has subject matter jurisdiction over the case. Dkt. #1. On May 24, 2010, Madison filed an amended notice of removal which also does not state why this Court has subject matter jurisdiction over the case. Dkt. #8. On May 24, 2010, Wells Fargo filed a motion for remand and a request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Dkt. #6. Madison opposes the motion for remand. Dkt. #14. For reasons that follow, the Court will grant Wells Fargo's motion for remand and its request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Dkt. ##6, 10.

**I.    Motion to Remand.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court in the district where the action is pending. Courts strictly construe the

1  statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Wells Fargo argues that there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises entirely under Arizona law. Dkt. #6 at 2. Wells Fargo further argues that there is no diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) because Madison is a citizen of Arizona – the state where the action was brought. Dkt. #6 at 5. The Court agrees that it does not have jurisdiction.

Federal question jurisdiction only arises "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Wells Fargo contends that its complaint does not contain any federal question, as it arises entirely under state forcible detainer law. *See* Dkt. #5 at 5-8 (relying on A.R.S. § 12-1173.01). Madison argues that federal question jurisdiction exists because Wells Fargo's "very existence in [its] alleged capacity is governed by federal and not state law." Dkt. #14 at 2. Federal question jurisdiction exists only if the federal right claimed is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112 (1936). There is no federal right claimed on the face of Wells Fargo's complaint. Dkt. #5 at 5-8.

A defendant may remove a case to federal court on the basis of diversity jurisdiction only if no defendant is a citizen of the State where the action is brought. *See* 28 U.S.C. § 1441(b). Madison is a citizen of Arizona – the state where the action was brought. Dkt. #15 at 3. Madison does not dispute that she is a resident of Arizona, but argues that "Jurisdiction is proper in this venue because although Defendant resides in Arizona, Wells Fargo is domiciled in California and is a national association which is subject to federal rules,

regulations and jurisdiction." Dkt. #14 at 1. She further contends that the property at issue in the forcible detainer claim is worth $909,364.98, which "speaks to the federal question of Diversity Jurisdiction[.]" *Id.* at 2. These arguments do not negate the fact that Madison is a citizen of Arizona. *See id.* at 1 (Madison identifying herself as a resident of Arizona). She therefore cannot remove the case to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

Madison has failed to show that this Court has removal jurisdiction over this case. As a result, the Court will remand the action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**II.  Request for Attorneys' Fees.**

Wells Fargo asks the Court to award attorneys' fees pursuant to 28 U.S.C. § 1447(c). Wells Fargo contends that Madison, although she is representing herself in this matter, "is no stranger to foreclosure-related litigation" and has "filed at least twelve lawsuits in Arizona state and federal courts against lenders, mortgage companies, and title companies." Dkt. #6 at 7. Wells Fargo further contends that Madison's motives are clear and that "[s]he removed this matter on the eve of the State Court entering judgment against her in the [forcible entry and detainer] action" so that she could "prolong her unlawful possession of the property, which has persisted for nearly 12 months." Dkt. #6 at 8. Madison does not dispute these allegations in her response.

The Court agrees that Wells Fargo is entitled to attorneys' fees and costs in this case. Section 1447(c) provides that a district court may require payment of just costs and attorneys' fees incurred as a result of an improper removal. 28 U.S.C. § 1447(c). Generally, costs and fees should only be awarded when the removing party has no "objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation omitted). In this case, Madison had no objectively reasonable basis for her removal. Indeed, neither her original notice of removal nor her amended notice provided any basis for jurisdiction in this Court. Dkt. ##1, 8. Madison is clearly familiar with federal

court litigation and, although she is a pro se defendant, the Court still finds that attorneys' fees and costs are warranted. *See, e.g., U.S. v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good faith limitations imposed on lawyers, as officers of the court); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record").

The Court will grant Wells Fargo's request for reasonable attorneys' fees incurred as a result of Madison's removal pursuant to 28 U.S.C. § 1447(c). Wells Fargo shall have until **July 9, 2010** to file memorandum in support of its request for attorneys' fees pursuant to Local Rule 54.2. Madison shall have until **July 23, 2010** to file a response to the memorandum. No reply will be permitted.

**III. Conclusion.**

Currently, there are two motions to dismiss pending in this matter. Dkt. ##11, 13. The Court will deny the motions without prejudice. Dkt. ##11, 13.

**IT IS ORDERED:**

1. Wells Fargos' motion to remand (Dkt. #6) and supplemental motion to remand (Dkt. #10) is **granted**.
2. The pending motions to dismiss (Dkt. ##11, 13) are **denied** without prejudice.
3. The Clerk of Court shall remand this action.

DATED this 22nd day of June, 2010.

David G. Campbell
United States District Judge